FILED
United States Court of Appeals
Tenth Circuit

September 17, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

RAMON GOMEZ-MALDONADO, a/k/a
Fidel, a/k/a Pepe,

        Defendant - Appellant.

No. 15-5054
(D.C. No. 4:14-CR-00132-GKF-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **BACHARACH**, Circuit Judges.

Pursuant to a plea agreement with a broad appeal waiver, Ramon Gomez-

Maldonado pleaded guilty to one count of conspiracy to distribute 50 grams or more

of methamphetamine. The district court sentenced him to 121 months'

imprisonment, which was at the low end of the advisory guideline range of 121 to

151 months. Despite his appeal waiver, Mr. Gomez-Maldonado filed a notice of

---

[*]     This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Counsel for Mr. Gomez-Maldonado filed a response stating a belief that opposition to the motion to enforce would be frivolous and moved to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Given these circumstances, we gave Mr. Gomez-Maldonado an opportunity to file a pro se response to the motion, *see id.* He did not file a response.

In *Hahn*, 359 F.3d at 1325, we held that we would enforce appeal waivers as long as three conditions were met: (1) the matter on appeal "falls within the scope of the waiver"; (2) the defendant-appellant "knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver will not "result in a miscarriage of justice." We have conducted an independent examination of the record, *see Anders*, 386 U.S. at 744, and we agree with the government that Mr. Gomez-Maldonado's appeal falls within the scope of the waiver, the waiver was knowing and voluntary, and enforcing the waiver will not result in a miscarriage of justice. Accordingly, we grant the motion to enforce the appeal waiver and dismiss this appeal. We also grant counsel's motion to withdraw.

Entered for the Court
Per Curiam